**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VELTON BOONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF LEE BACA, *et al.*,<br><br>　　　　　Defendants. | Case No. CV 10-3418 UA (JCG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT, IN PART, WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |

**I.**

**PROCEEDINGS**

On May 6, 2010, plaintiff Velton Boone ("Plaintiff"), a California prisoner incarcerated at North Kern State Prison and proceeding *pro se*, lodged a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. (Compl. at 1-2.) The Complaint names four defendants: (1) Sheriff Lee Baca ("Sheriff Baca"); (2) Deputy Erskin; (3) Deputy Patterson; and (4) Deputy Krase (collectively "Defendants"). (*Id.* at 3-4.) Each defendant is sued in both his or her individual and official capacities. (*Id.*) Plaintiff also requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on April 17, 2008, at the "Los Angeles County Jail[,]" Plaintiff was "kicked and beaten by" Deputies Krase, Erskin, and Patterson. (Compl. at 2-3, 5.) Specifically, Plaintiff claims that while he was "en route 'to' court[,]" and "after submitting to an unnecessary strip search[,]" Deputies Krase and Patterson "grabbed" Plaintiff "by each arm[,]" "slung [him] down [to] the [g]round[,]" "handcuffed" him, and then proceeded to beat him. (*Id.* at 5.) Plaintiff also states that while Deputies Krase and Patterson "punch[ed] and kick[ed]" him, Deputy Erskin "proceed[ed] to beat [Plaintiff] on [his] right leg ... continuously with his flashlight until [Plaintiff] passed out." (*Id.*) As a result of the incident, Plaintiff alleges that he has "constant pain in [his] back[,] leg[,] and shoulder." (*Id.* at 6.)

Based upon these factual allegations, Plaintiff alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment and seeks "punitive damages for pain and suffering[.]" (Compl. at 5-6.)

## III.

## LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. 1915(e)(2)-(h) and 1915A. Under these provisions, the Court must *sua sponte* dismiss any prisoner civil rights action and all other *in forma pauperis* complaints, or any portions thereof, which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Dismissal for failure to state a claim "can be

based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988, *as amended* Feb. 27, 1990 and May 11, 1990).

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 does not require "detailed factual allegations," a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that the conduct violated a right secured by the Constitution or laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct. 1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.

## DISCUSSION

A.   Plaintiff Fails to State a Claim Against Sheriff Baca in his Individual Capacity.

Although the Complaint names Sheriff Baca as a defendant, Plaintiff fails to allege any conduct or involvement whatsoever by Sheriff Baca in the alleged incident giving rise to Plaintiff's Eighth Amendment claim. In fact, other than naming Sheriff Baca, the Complaint fails to say anything, *at all*, about him. "In order for a person

acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Given that there are no allegations against Sheriff Baca, much less allegations of personal involvement, Plaintiff fails to state a claim against Sheriff Baca. *Id.*; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert denied*, 502 U.S. 1074 (1992) (supervisor only liable under § 1983 if (1) he or she was personally involved in constitutional deprivation, or (2) a sufficient causal connection exists "between the supervisor's wrongful conduct and the constitutional violation"). Accordingly, the Court finds that Plaintiff's claim against Sheriff Baca, in his individual capacity, must be dismissed for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A.

      B.    <u>Plaintiff Fails to State a *Monell* Claim Against the Defendants in Their Official Capacities.</u>

In addition to suing Defendants in their individual capacities, Plaintiff has also sued each of them in their official capacities. (Compl. at 3-4.) "Official-capacity damages claims against individual municipal officers are claims against the municipality itself." *Hill v. Baca*, 2010 WL 1727655 at *5 (C.D.Cal. Apr. 26, 2010); *see also Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 690 fn 55 (1978)[1]; *Green v. Baca*, 306 F.Supp.2d 903, 907 (C.D.Cal. 2004) ("[b]y suing [the Los Angeles County Sheriff] in his official capacity, plaintiff has asserted claims against Los Angeles County and/or the Los Angeles Sheriff's Department").

However, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a

---

[1] In *Monell*, the Supreme Court specifically rejected municipality liability based on the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691.

4

government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Thus, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy ..., ordinance, regulation, or decision officially adopted and promulgated by" the municipality, or that the action was "visited pursuant to a governmental 'custom[.]'" *Id.* at 690-691. In other words, a plaintiff must show that "deliberate action[,] attributable to the municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 400 (1997).

Here, Plaintiff has not identified any policy, ordinance, or custom of Los Angeles County (or the Los Angeles County Sheriff's Department) that led to a deprivation of Plaintiff's constitutional rights. Indeed, Plaintiff fails to identify any policy, ordinance, or custom *at all* in his Complaint for any purpose. Accordingly, Plaintiff's claims against the Defendants in their official capacities are dismissed for failure to state a *Monell* claim upon which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B) and 1915A.

## V.
## LEAVE TO AMEND

The Court must construe "pro se pleadings ... liberally ..., particularly where civil rights claims are involved." *Balistreri*, 901 F.2d at 699. But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, *pro se* litigants must be given leave to amend unless it is absolutely clear that the deficiencies in a complaint cannot be cured. *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*). As the Court is unable to determine whether amendment to the Complaint would be futile, leave to amend is granted in an abundance of caution.

By July 12, 2010, Plaintiff may submit a First Amended Complaint to cure the

deficiencies discussed above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing the First Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action without further notice.

If Plaintiff chooses to file a First Amended Complaint, it must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  *See* 42 U.S.C. § 1983; Fed. R. Civ. P. 8; *see also Humphries*, 554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form.  The First Amended Complaint may not incorporate any part of the original Complaint by reference.

Any amended complaint supercedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After amendment, the Court will treat the original Complaint as nonexistent.  *Id.*  Any claim that was raised in the original Complaint is waived if it is not raised again in the First Amended Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.
## ORDER

1.	Plaintiff's claim against defendant Sheriff Lee Baca, in his individual

capacity, is **DISMISSED** with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

2. Plaintiff's claims against defendants Sheriff Lee Baca, Deputy Erskin, Deputy Patterson, and Deputy Krase, in their official capacities, are **DISMISSED** with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

3. Plaintiff is given leave to amend and is **GRANTED** up to and including July 12, 2010, to file a First Amended Complaint curing the deficiencies discussed above. Plaintiff is **NOTIFIED** that the First Amended Complaint may not add new claims or new defendants that were not involved in the conduct, transactions, or occurrences set forth in the original Complaint. Fed. R. Civ. P. 15(c). The First Amended Complaint shall be retyped or rewritten so that it is complete in itself without reference to the original Complaint, and shall be submitted on the court-approved form. After amendment, the Court will treat the original Complaint as nonexistent.

4. If Plaintiff fails to file a First Amended Complaint by July 12, 2010 and/or such First Amended Complaint fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action, or portions thereof, be dismissed with prejudice.

5. The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the Complaint.

IT IS SO ORDERED.

DATED: June 10, 2010

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE